**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-1511**

───────────────

JAMES TIMOTHY COOK,

> Plaintiff - Appellant,

> v.

ROANOKE ELECTRIC STEEL CORPORATION, d/b/a Steel Dynamics Roanoke
Bar Division,

> Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  Elizabeth Kay Dillon, Chief District Judge.  (7:22-cv-00040-EKD)

───────────────

Submitted:  November 18, 2024                    Decided:  December 19, 2024

───────────────

Before WILKINSON, GREGORY, and HARRIS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF**: Thomas E. Strelka, STRELKA EMPLOYMENT LAW, Roanoke, Virginia,
for Appellant.  Elaine D. McCafferty, Charlottesville, Virginia, Agnis C. Chakravorty,
WOODS ROGERS VANDEVENTER BLACK PLC, Roanoke, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Timothy Cook appeals the district court's order granting summary judgment in favor of his former employer, Roanoke Electric Steel Corporation, d/b/a Steel Dynamics Roanoke Bar Division ("RESCO"), on Cook's Virginia state law retaliatory discharge claims brought under Va. Code Ann. §§ 40.1-27.3 and 40.1-51.2:1 (2023). Cook alleged that RESCO terminated his employment based on his protected act of reporting a potential safety violation in the workplace. We affirm.

We "review[] the district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the facts and inferences drawn from the facts in the light most favorable to the nonmoving party." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (cleaned up). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [his] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up). To survive summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* (internal quotation marks omitted).

Virginia Code § 40.1-27.3, Virginia's whistleblower statute, provides that "[a]n employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action . . . because the employee[] . . . in good faith

2

reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official." Va. Code Ann. § 40.1-27.3. An employer may defend against an action brought under this statute by showing that an employee made a report "knowing that [it was] false or that [it was] in reckless disregard of the truth." Va. Code Ann. § 40.1-27.3(B)(2).

Similarly, Virginia Code § 40.1-51.2:1 provides that:

No person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others.

Va. Code Ann. § 40.1-51.2:1. Thus, to state a claim under this section, an employee must assert that (1) he has been terminated or retaliated against for (2) partaking in a protected activity, such as filing a safety or health complaint, and it was (3) related to the safety, health, and welfare of employees.

The record establishes that RESCO did not terminate Cook's employment because he reported a safety or health complaint or reported a violation of a federal or state law or regulation. Rather, RESCO terminated Cook's employment for his act of sending an email that mischaracterized the nature of the work assigned to him by his supervisors and escalating the issue up the chain of command, knowing that, if true, the contents of his email would expose his supervisors to potential disciplinary action. Indeed, Cook acknowledged that he knew that the content of his email inaccurately relayed the

3

instructions given to him by his supervisors.  The district court therefore properly granted summary judgment to RESCO on Cook's retaliation claims.[*]

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] In so concluding, we assume without deciding—as the district court did—that a plaintiff may bring a cause of action under both statutes and expressly decline to address the question of whether a plaintiff may maintain a claim under § 40.1-27.3 while also bringing a claim under § 40.1-51.2:1.